# MARY L. WISEMAN v. NORTHERN PACIFIC RAILWAY COMPANY AND OTHERS.[1]

January 2, 1943.

Nos. 33,226, 33,227.

*Warner E. Whipple, George W. Atmore,* and *Crawford & Crawford,* for appellant.

*L. B. daPonte* and *Frederic D. McCarthy,* for respondent Northern Pacific Railway Company.

*F. W. Root, C. O. Newcomb, A. C. Erdall,* and *Michael B. Hurley,* for respondents Henry A. Scandrett and others as operating trustees of property of Chicago, Milwaukee, St. Paul & Pacific Railroad Company.

PETERSON, JUSTICE.

Plaintiff sues for personal injuries claimed to have been sustained as the result of the negligence of defendants, the Northern Pacific Railway Company and the trustees in bankruptcy of the Chicago, Milwaukee, St. Paul & Pacific Railroad Company (herein referred to as the Milwaukee), in moving a freight train between

[1]Reported in 7 N. W. (2d) 672.

Duluth and St. Paul over the line of the Northern Pacific Railway Company, and in failing to warn plaintiff, a spectator on a public highway witnessing a fire caused by the wrecking of the train, that a tank car full of gasoline engulfed in the flames was likely to explode and endanger her.

The case is here on appeal from orders sustaining defendants' demurrers to the complaint. We shall state the facts just as they are alleged in the complaint without at this time separating facts from inferences and conclusions.

Plaintiff claims that defendants were negligent in three respects, two of which relate to the condition of certain cars before the movement of the train began, and the other to failure to warn plaintiff of dangers incident to being a spectator in a crowd at a wreck which occurred while the train was in movement. The first two consist in failing to discover, and to guard against, the consequences of a defect in a coal car which caused the wreck through derailment of the coal car and several tank cars, and a defect in a fusible pressure valve on a tank car which caused it to explode when fire resulting from the wreck heated it externally. The third consists in failure to warn plaintiff of the dangers, of which she was ignorant, incident to her being a spectator at the fire.

During the night of September 12, 1940, Milwaukee was moving the freight train which had been made up in Duluth. At two in the morning (on the 13th) the train was wrecked at a point about one block north of the depot in the village of Pine City, which is about 85 miles south of Duluth. "A rod, brace, beam or some other part or portion" on the underside of a car loaded with coal, because of a defect therein, fell and came in contact with the ties in such a manner as to derail not only the coal car, but also several tank cars loaded with gasoline and petroleum products. The derailed cars crashed into and demolished the depot and piled up in a mass of wreckage upon the depot site. A stove in the depot was overturned and broken, and the burning fuel therein was scattered about the wreckage, with the result that the depot and combustible portions of the wrecked cars and their contents were set

on fire. The wreckage and the fire were confined entirely to the premises of the Northern Pacific.

The wreck caused a loud and unusual noise plainly audible throughout the village. The fire was of such extent and height as to be plainly visible not only throughout the village, but for many miles beyond in all directions.

Prior to and at the time of the wreck, plaintiff was asleep "at the place where she then was in said village," which was five blocks away from the depot. She was awakened by the noise and saw the fire. She arose from her bed and went to a public street about one block from the depot, where she joined most of the populace of the village who had assembled there to look at the fire.

Plaintiff did not know that any car was loaded with gasoline or "of any fact with reference thereto or in respect of said car or cars, or the valves thereon," which made it unsafe for her to be present as a spectator. Defendants gave no warning to the spectators of the dangers incident to their presence under the circumstances.

While plaintiff with others in the crowd was watching the fire, a tank car loaded with gasoline exploded because of the fact that the fusible pressure valve, installed thereon for the purpose of permitting escape of gases and vapors arising from exposure of the tank to external heat, was so defective that it failed to serve its purpose. The terrific noise and impact of the explosion frightened and terrified the crowd "and caused them to stampede and turn and run in sudden and violent terror and flight away from and in an instinctive attempt to escape from the danger caused or threatened thereby, and plaintiff was herself apprehensive of great danger and greatly and naturally frightened and terror stricken thereby, and instinctively sought and attempted to run away or make her escape from such danger and was knocked, thrown or fell down upon the sidewalk or pavement and then and there hurt and injured as a direct and proximate result and consequence of such explosion and of the said attempts of said crowd and of herself to escape from the danger thereof, with such force

and violence and in such a manner" as to cause plaintiff very severe personal injuries, for which she seeks to recover.

The court below sustained the demurrers to the complaint upon the ground that it failed to state facts sufficient to constitute a cause of action. In a memorandum made part of the orders sustaining the demurrers the court stated that its decision rested upon the ground that plaintiff's contributory negligence appeared as a matter of law.

Plaintiff's theory is that defendants' negligence in failing to discover and to guard against the defects in the coal car and the tank car operated continuously to produce a chain of results which included the derailment of the cars, the wreck and demolition of the depot, the fire, the attraction of plaintiff and others to the fire as spectators, the explosion of the tank car, and the frightening of plaintiff and other spectators so that in their efforts to escape the danger of harm from the explosion plaintiff either fell or was knocked down by the crowd and trampled. Further, her claim is that after the spectators assembled defendants should have warned them of the danger of the explosion to enable them to protect themselves from impending danger of the explosion, and that, by reason of the failure to warn, plaintiff remained where she was, exposed to danger of injury by the sudden and unexpected conduct of the crowd.

Defendants contended that the alleged negligence involved no breach of duty by defendants to plaintiff; that plaintiff's injuries were not the proximate result of the negligence alleged; that her injuries were caused solely through the agency of an intervening cause, consisting of her own acts in arising from her bed and voluntarily becoming a spectator at the fire; that defendants owed plaintiff as such spectator no duty to warn and to protect her from the dangers incident to the fire, except to refrain from wilfully and wantonly injuring her; and that the allegations conclusively show no breach of that duty. The Northern Pacific on the argument made the separate contention that it is not liable for the negligence, if any, of the Milwaukee, which, if sustained,

would compel us to overrule Heron v. St. P. M. & M. Ry. Co. 68 Minn. 542, 71 N. W. 706.

We shall indulge the hypothetical assumptions that the failure to discover and to guard against the defective part on the underside of the coal car proximately caused the derailment of the coal and tank cars, the wreck, and the fire, and that the failure to discover and to guard against the defective fusible valve on the tank car proximately caused the tank car to explode when subjected to external heat from the fire. But, holding in accordance with these assumptions does not entitle plaintiff to prevail. She must go further, as her complaint does, and show that defendants were under a duty to warn her of the danger of the explosion and that their breach of that duty caused her injuries.

Plaintiff's allegations show that she was not injured through breach of duty by defendants. While the train was being moved, when the wreck occurred, and when the fire began, she was out of the zone of danger, secure and asleep in her bed. If she had remained there, no injury would or could have befallen her. Except for the fire, the negligence with respect to the defect in the coal car had spent itself before she arrived on the scene. Because she stood at a safe distance, the fire and the explosion alone did not endanger her as a spectator. Peril to her from an explosion, if any, arose not from threatened direct injury, such as from flying parts and debris, but solely from its effect on the conduct of the crowd of spectators by causing them through fright suddenly to stampede. In the final analysis, plaintiff cannot recover unless defendants were negligent for failure to warn of the danger of an explosion so she could protect herself against the conduct of the other spectators.

There can be no doubt that plaintiff knew of and appreciated the dangers of the situation and that a warning would have communicated to her only knowledge which she already possessed. The tremendous fire was a spectacle witnessed by the crowd, who were aroused by the terrific noise of the wreck and who went forth to become spectators. Plaintiff, with the others, was there

out of curiosity. It is a matter of common knowledge that tank cars are used to haul gasoline and other petroleum products, which, if subjected to extreme heat, are likely to explode. The tank car in question was in the midst of this tremendous fire. The danger of an explosion must have been apparent to everyone. In Cleveland, C. C. & St. L. Ry. Co. v. Ballentine (7 Cir.) 84 F. 935, a 17½-year-old boy went upon the railroad premises to witness a great fire caused by the negligent burning of some tank cars full of petroleum oil. He voluntarily assisted in preventing the spread of the fire. The railroad claimed that it warned a crowd of spectators, which had assembled, of the dangers of the situation, but the boy denied that the warning was given and that he received it. The court held that a warning other than that afforded by the situation itself was unnecessary, and said (84 F. 938):

"The danger was obvious. There was no concealment of explosives. The peculiar construction of the tanks declared the character and quality of their usual contents. * * * The scene itself was a signal of danger."

We do not overlook plaintiff's general allegation that she had no knowledge of the danger. On demurrer, as in other cases, general allegations are controlled by specific ones. Inferences or conclusions from specific allegations which follow as a matter of law prevail over a general allegation to the contrary. Willison v. N. P. Ry. Co. 111 Minn. 370, 127 N. W. 4; Gile v. Yellow Cab Corp. 177 Minn. 579, 225 N. W. 911. In the Ballentine case, 84 F. 935, *supra*, evidence disclosing the same general situation described in the complaint here was held to establish as a matter of law that the plaintiff there had knowledge of danger from the situation itself, although his testimony denied such knowledge. For the same reasons, where the specific facts alleged in a pleading show that the party had knowledge, which he denies, the general denial is of no avail. We conclude, therefore, that plaintiff in the instant case had knowledge of the danger of explosion, of which she claims defendants should have warned her.

The purpose of a warning is to apprise a party of the existence of danger of which he is not aware to enable him to protect himself against it. Where, as here, the party knows and is aware of the danger, a warning would serve no useful purpose and is unnecessary. There is no duty to warn against risks which are open and obvious. O'Neill v. Minneapolis St. Ry. Co. 213 Minn. 514, 518, 7 N. W. (2d) 665, 668; 1 Shearman and Redfield, Negligence (Rev. ed.) p. 67, § 26. Of course, the rule is to be applied cautiously. Where the allegations permit the construction, or the evidence permits the inference, that the party lacked knowledge or was not aware of the danger, a fact issue is raised for the jury. See Theisen v. Minnesota P. & L. Co. 200 Minn. 515, 274 N. W. 617. This is not such a case. It falls clearly on the side where no fact issue is raised.

We rest our decision upon the sole ground that under the facts alleged in the complaint defendants were not negligent for failure to warn plaintiff of the danger of an explosion of the tank car. Since for that reason there is adequate basis for our decision, we refrain from discussing the other questions raised, including those of plaintiff's contributory negligence and of the Northern Pacific's liability for negligence of the Milwaukee.

Affirmed.

STREISSGUTH, JUSTICE (concurring).

I cannot brush aside the positive allegations of the complaint "that plaintiff had no knowledge of the fact that any of said wrecked cars were loaded with gasoline or other explosive material." Yet I concur in the result.

That spectators, including plaintiff, "who had been attracted" to the vicinity of the fire, would voluntarily place themselves in a position where a stampede, induced by the explosion, might injure one of their number, was a result defendants could not reasonably anticipate or foresee as flowing from negligence of the character alleged. Such conduct on the part of the spectators constituted a sufficient intervening cause to break the causal re-

lation between the alleged negligence of defendants and the injuries sustained by plaintiff. The alleged misconduct on the part of defendants is, in my opinion, not such as would make them responsible for the crowd's being there.

LORING, JUSTICE (concurring).

I agree with Mr. Justice Streissguth that the alleged negligence of defendants is remote as distinguished from proximate in causal connection with plaintiff's injuries, and that the stampede of the spectators was an intervening, responsible, efficient cause.

PIRSIG, JUSTICE (concurring).

I agree with the views stated by Mr. Justice Streissguth and Mr. Justice Loring.