519 P.2d 286

**SMITH CONSTRUCTION CO., a partnership, Plaintiff-Appellant,**

v.

**KNIGHTS OF COLUMBUS, COUNCIL #1226, Defendant-Appellee.**

No. 9802.

Supreme Court of New Mexico.

Feb. 15, 1974.

T. K. Campbell, Las Cruces, John S. Campbell, Albuquerque, for appellant.

Martin, Martin & Lutz, Michael L. Winchester, Las Cruces, for appellee.

## OPINION

MARTINEZ, Justice.

Plaintiff (appellant) brought suit on February 23, 1973 in the District Court of Dona. Ana County to obtain judgment for breach of contract in the amount of $10,811.58 and for a foreclosure of a Mechanic's and Materialman's Lien. Appellant had contracted with Defendant (appellee) to construct certain improvements on real property owned by appellee. In return, appellee agreed to pay appellant $75,723 plus extras in the amount of $1,468.27.

Allegedly, construction on the real property was substantially completed on August 2, 1972, while certain improvements were not made due to the unavailability of the necessary material. Payments were made by appellee in the amount of $56,789.75, but no further payments were tendered by

appellee. Therefore, appellant filed of record a claim of Mechanic's and Materialman's Lien pursuant to § 61–2–6, N.M.S.A.1953 (Repl. Vol. 9, Pt. 1, 1960) on November 10, 1972. On November 24, 1972, appellee tendered to appellant a check for $8,966.75. Appellant cashed the check and by letter dated December 9, 1972, notified appellee of this fact and that the check was being applied on account.

In answer to appellant's complaint, appellee raised the affirmative defense of accord and satisfaction and filed a counterclaim. On May 11, 1973, appellee filed a motion for summary judgment. After oral argument was heard, on July 3, 1973, the trial court entered summary judgment in favor of appellee and dismissed appellant's complaint and appellee's counterclaim.

Appellant has raised two points on appeal which can be stated as follows:

1. The conduct of the parties did not give rise to an accord and satisfaction;

2. The trial court erred in granting summary judgment.

We agree.

Justice Oman stated this Court's interpretation of Rule 56(c), Rules of Civil Procedure [§ 21–1–1(56)(c), N.M.S.A.1953 (Repl. Vol. 4, 1970)] in Goodman v. Brock, 83 N.M. 789, 498 P.2d 676 (1972). In that case, he approved and adopted the reasoning and language taken from 3 Barron & Holtzoff, Federal Practice and Procedure, with Forms, § 1234 at 124–126 (Rev'd. by Wright 1958):

" 'Though it has been said that summary judgment should not be granted if there is the "slightest doubt" as to the facts, such statements are a rather misleading gloss on a rule which speaks in terms of "genuine issue as to any material fact," and would, if taken literally, mean that there could hardly ever. be a summary judgment, for at least a slight doubt can be developed as to practically all things human. A better formulation would be that the party opposing the motion is to be given the benefit of all reasonable doubts in determining whether a genuine issue exists. If there are such reasonable doubts, summary judgment should be denied. A substantial dispute as to a material fact forecloses summary judgment.' " Goodman v. Brock, 83 N.M. at 792, 498 P.2d at 679.

Appellee had the burden of establishing a prima facie showing that no genuine factual issue existed. Rule 56(c), supra; Goodman v. Brock, supra. Once this burden was satisfied, the appellant then had the obligation of showing that there was such a genuine factual issue requiring a trial and that appellee was not entitled as a matter of law to summary judgment. Goodman v. Brock, supra; Bertelle v. City of Gallup, 81 N.M. 755, 473 P.2d 369 (Ct.App.1970). Whether or not a genuine issue of fact exists depends upon the particular facts of each case. Goodman v. Brock, supra.

At the hearing on the motion for summary judgment, appellee submitted its letter written to appellant on November 24, 1972 which reads in part:

"I am enclosing check in the amount of $8,966.75 which represents the balance which we believe to be due under the terms of your contract. * * *

It is the position of my clients that the enclosed check pays the balance due on the contract after deducting the penalty and the costs which will be incurred in completing the work in accordance with the specifications."

A letter written by appellant to appellee on December 9, 1972 contains the following important language:

"We take issue to the contention that work was not completed in accordance with the specifications and want it plainly understood that we are accepting your check as a credit to the outstanding balance due and not as an accord and satisfaction of your contractual obligations."

These two letters quoted from above represent the most salient and pertinent evidence considered by the trial court in its

determination of the motion for summary judgment. An accord and satisfaction has been defined as " * * * a method of discharging a contract, or settling a cause of action arising either from a contract or a tort, by substituting for such contract or cause of action an agreement for the satisfaction thereof and the execution of such substituted agreement." Frazier v. Ray, 29 N.M. 121, 123, 219 P. 492, 493 (1923). An accord and satisfaction must be " * * * accompanied by such acts or declarations as amount to a condition that if the money be accepted it is to be in full satisfaction and to be of such character that the creditor is bound so to understand such offer." Miller v. Prince Street Elevator Co., 41 N.M. 330, 337, 68 P.2d 663, 667 (1937). When considering the existence of an accord and satisfaction, we should examine the following elements:

1. Did the debtor make an offer in full satsifaction of the debt;

2. Was there an unliquidated or disputed claim which formed the basis of this offer;

3. Was this offer accompanied by acts and declarations which amounted to a condition;

4. Were those acts and declarations such that the offeree was bound to understand them; and

5. Was the offer accepted in full satisfaction of the debt. See Miller v. Prince Street Elevator Co., supra; Frazier v. Ray, supra.

We conclude that it is far from clear that an accord and satisfaction was executed by the conduct of the parties. The language contained in appellee's letter is not such that appellant was bound to understand that the letter and check represented an offer to settle their dispute. In fact, appellant's letter says as much. At the least, there is a reasonable doubt as to whether the conduct of the parties gave rise to the existence of an accord and satisfaction. Consequently, this reasonable doubt forecloses the possibility of summary judgment. Goodman v. Brock, supra.

In view of the foregoing, the order of the trial court awarding summary judgment to the appellee is reversed and the case is remanded to the trial court for a trial on the merits of both the complaint and counterclaim, and for further proceedings consistent with the views expressed in this opinion.

It is so ordered.

OMAN and MONTOYA, JJ., concur.