Jeffrey J. HARPER, Appellant,

v.

Theodor H. HERMAN, Respondent.

No. CO–92–196.

Court of Appeals of Minnesota.

July 28, 1992.

Review Granted Sept. 15, 1992.

Sharon L. Van Dyck, Michael A. Zimmer, Schwebel, Goetz, Sieben & Moskal, Minneapolis, for appellant.

Gene P. Bradt, Hansen, Dordell, Bradt, Odlaug & Bradt, St. Paul, for respondent.

OPINION

Considered and decided by AMUNDSON, P.J., and PARKER and KALITOWSKI, JJ.

AMUNDSON, Judge.

Appellant was severely injured when he dove off respondent's boat into shallow water. The trial court granted respondent summary judgment, concluding respondent owed no duty of care to warn appellant of any danger. We disagree and reverse.

## FACTS

On August 9, 1986, appellant Jeffrey J. Harper was invited to go boating on Lake Minnetonka on a boat owned by respondent, Theodor H. Herman. Appellant and respondent did not know each other prior to that day. A group of five people set out on respondent's 26–foot motorboat and toured various parts of the lake.

Respondent told the group he knew a good place to go swimming. Everyone agreed it would be a good idea to go to the north shore of Big Island. Respondent was very familiar with this area and testified in his deposition he had been there "hundreds of times." Respondent was also aware the water is shallow for a considerable distance off Big Island. Respondent stopped the boat approximately 100 to 200 yards from the shore of Big Island and started to set the anchor.

Appellant was sitting in a seat located in the stern of the boat. Respondent stepped to the stern of the boat, apparently to put the ladder down into the water, when appellant asked him if he was "going in." Respondent replied "yes." Appellant then stood up on the seat of the boat and dove off. The water was two to three feet deep, but was not clear enough for the bottom to be visible from the boat.[1] Appellant struck the bottom of the lake, severed his spinal cord, and was rendered a C6 quadriplegic.

At the time of the accident appellant was a 20–year–old college student. Prior to the accident, appellant had experience swimming in lakes and the Mississippi River. He remembers being on Lake Minnetonka on one occasion. Appellant learned to dive at the YMCA or at hotels where his parents occasionally visited. He characterized his diving skills as "fair to poor." Appellant estimated his diving experience consisted of approximately 50 dives into swimming pools.

Before he was injured, appellant had formed the impression that it was safe to dive in eight to ten feet of water because this was the standard diving depth at the YMCA pool. He was aware in a general sense that diving in shallow water was dangerous, but was not aware of the specific consequences. Appellant testified he intended to do a "shallow dive" but "it didn't come out as shallow as I had hoped." When asked if others on the boat would have known whether he was going to dive into the lake, appellant replied, "I don't believe they'd know."

Respondent was 64 years old at the time of the accident. He was trained as a lawyer and worked as a legal editor. Respondent owned the boat from which the accident occurred since 1982. He also had experience with other boats and acknowledged he had hundreds of hours of experience captaining boats on Lake Minnetonka. Respondent often entertained guests on his boat during the summertime. As owner of the boat, respondent considered himself to be in charge.

Appellant commenced this action asserting respondent was negligent in failing to warn him of a foreseeable, but hidden danger. The trial court granted respondent summary judgment, concluding he owed no duty of care to appellant. The trial court also noted that because the danger was not obvious, the primary assumption of risk doctrine does not apply. Judgment was entered and this appeal followed.

## ISSUE

Did the trial court err in determining that an experienced boater, who voluntarily takes a passenger on a boating and swimming excursion, owes no duty of care to warn the passenger to not dive into shallow water where the danger is known to the boat operator but may not be known to the passenger?

## ANALYSIS

On appeal from a summary judgment, the role of the reviewing court is to review

---

1. Respondent testified at his deposition that the water was clear and that the bottom was visible. However, for purposes of summary judgment, respondent has agreed to accept as fact that the bottom of the lake was not visible.

the record for the purpose of answering two questions: (1) whether there are any issues of material fact and (2) whether the trial court erred in its application of the law. *Offerdahl v. University of Minn. Hosps. & Clinics,* 426 N.W.2d 425, 427 (Minn.1988).

■ Appellant has formed his appeal around the limited issue of duty. Generally, the existence of a legal duty is an issue for the court to determine as a matter of law. *Larson v. Larson,* 373 N.W.2d 287, 289 (Minn.1985). Therefore we are not bound by and need not give deference to the trial court's determination. *See Frost–Benco Elec. Ass'n v. Minnesota Pub. Utils. Comm'n,* 358 N.W.2d 639, 642 (Minn.1984).

■ There is, in general, no duty to protect another from injury or harm which might befall him or her. *Delgado v. Lohmar,* 289 N.W.2d 479, 483 (Minn.1979). In some instances, however, where one gratuitously accepts the responsibility of acting to protect another a duty of reasonable care arises, even though no duty would otherwise exist. *See Isler v. Burman,* 305 Minn. 288, 295, 232 N.W.2d 818, 822 (1975).

■ The basic elements of a negligence claim are (1) a duty; (2) breach of that duty; (3) the breach was the proximate cause of plaintiff's injury; and (4) plaintiff did in fact suffer injury. *Schweich v. Ziegler, Inc.,* 463 N.W.2d 722, 729 (Minn.1990). "The common-law test of duty is the probability or foreseeability of injury to the plaintiff." *Austin v. Metropolitan Life Ins. Co.,* 277 Minn. 214, 217, 152 N.W.2d 136, 138 (1967). Justice Cardozo defined this relationship as follows:

> The risk reasonably to be perceived defines the duty to be obeyed, and risk imports relation; it is risk to another or to others within the range of apprehension.

*Palsgraf v. Long Island R. Co.,* 248 N.Y. 339, 162 N.E. 99, 100 (1928), *quoted in*

*Hellman v. Julius Kolesar, Inc.,* 399 N.W.2d 654, 655 (Minn.App.1987).

The possibility of an accident only needs to have been clear to the person of ordinary prudence. *Oswald v. Law,* 445 N.W.2d 840, 842 (Minn.App.1989) *pet. for rev. denied* (Minn. Nov. 15, 1989). To determine whether a duty to warn exists the court

> goes to the event causing the damage and looks back to the alleged negligent act. If the connection is too remote to impose liability as a matter of public policy, the courts then hold there is no duty, and consequently no liability. On the other hand, if the consequence is direct and is the type of occurrence that was or should have been reasonably foreseeable, the courts then hold as a matter of law a duty exists.

*Germann v. F.L. Smithe Mach. Co.,* 395 N.W.2d 922, 924 (Minn.1986).

■ The purpose of a warning is to apprise a party of the existence of a danger which the person is not aware of so the party may protect himself or herself from the danger. *Wiseman v. Northern Pac. Ry. Co.,* 214 Minn. 101, 107, 7 N.W.2d 672, 675 (1943). Where the party knows and is aware of the danger, a warning would serve no useful purpose and is unnecessary. There is no duty to warn against risks which are open and obvious. *Id.*

■ We hold, as a matter of law, respondent owed a duty of care to warn appellant not to dive from the boat because he knew the water was dangerously shallow. Respondent voluntarily assumed a duty to exercise reasonable care when he allowed appellant to embark on his boat. The boat was anchored 100 to 200 yards off shore of an island in a large lake. A person unfamiliar with the lake would reasonably assume the lake was sufficiently deep to safely dive. Additionally, the danger was hidden from appellant because the bot-

tom of the lake was not visible.[2] Thus the water's depth involved an unreasonable risk of harm to appellant, which respondent should not have left undisclosed, to be discovered by appellant at his own peril. Accordingly, we reverse the trial court's grant of summary judgment for respondent and remand for trial.

Respondent also argued appellant's action is barred by the primary assumption of risk doctrine. The trial court determined the doctrine did not apply. Respondent now challenges this finding on appeal. However, respondent did not file a notice of review. *See* Minn.R.Civ.App.P. 106. Therefore we decline to reach the merits of this issue.

## DECISION

Respondent owed a duty of care to warn appellant not to dive into shallow water. Therefore we reverse the grant of summary judgment for respondent and remand for trial.

Reversed and remanded.

---

**2.** Some courts have found that where the bottom of a lake is not visible, the danger is open and obvious and thus there is no duty to warn. *See Scheeler v. Bahr*, 41 Wis.2d 473, 164 N.W.2d 310, 312 (1969); *Dowen v. Hall*, 191 Ill.App.3d 903, 138 Ill.Dec. 933, 935, 548 N.E.2d 346, 348 (1989). We disagree with this analysis. Whether the lake bottom was visible goes to the issue of appellant's contributory negligence. Appellant's contributory negligence, however, does not vitiate respondent's duty of care. *See Forche v. Gieseler*, 436 N.W.2d 437, 441 (Mich. App.1989).