494 P.2d 1397

**Nancy S. BROCK, as Administratrix of the Estate of Terry Frank Brock, Deceased, Plaintiff-Appellant,**

**v.**

**Annie GOODMAN and Sears, Roebuck & Co., a New York corporation, Defendants-Appellees.**

**No. 758.**

Court of Appeals of New Mexico.

Feb. 11, 1972.

Certiorari Granted March 23, 1972.

Dennis M. McCary, Michael L. Keleher, Keleher & McLeod, Albuquerque, for plaintiff-appellant.

Robert M. St. John, Rodey, Dickason, Sloan, Akin & Robb, Albuquerque, for defendants-appellees.

## OPINION

SUTIN, Judge.

This is an appeal from summary judgment granted defendants in a suit for wrongful death resulting from one vehicle accident.

We reverse.

The defendant Annie Goodman is not a party to this appeal.

The record supports the following:

On August 2, 1969, Tom Goodman, husband of Annie, purchased four new 6-ply tires from Sears which were manufactured by Armstrong. Sears put Goodman's old tubes in the new tires mounted and in-

stalled the tires on Goodman's 1969 Ford half-ton pickup, and then balanced the new tires. On August 5, 1969, decedent was riding in the pickup driven by Annie Goodman. Mrs. Goodman drove the vehicle so as to cause it to veer off the pavement to the right for approximately 325 feet, at which time it veered 47 feet across the pavement to the left side of the road and was off the pavement for about 55 feet, and when she turned onto the pavement from the left shoulder, it traveled 52 feet, overturning once. The left front tire failed causing the tire to disengage from the rim. As a result, the rim acted as a pivot or fulcrum which caused the pickup to overturn, resulting in the death of decedent.

Brock alleged, (1) that the tire failure resulted from the defective condition of the tire at the time of the accident; (2) that Sears negligently failed to inspect or detect the defective condition of the tire which failed at the time of the mounting of the tire or, in the alternative, that Sears negligently damaged the tire in the process of mounting the tire; (3) that defendant Sears breached express and implied warranties of merchantability; (4) that the tire was in a defective condition which created an unreasonable risk of injury and death creating strict liability against Armstrong; (5) that Armstrong breached express and implied warranties of merchantability; and (6) that the negligent acts of Sears and Armstrong concurred.

The defendants answered in denial with several affirmative defenses.

The defendants filed a motion for summary judgment on the ground that the depositions of Annie Goodman, Tom Goodman, and Leopoldo Gonzales, the Sears employee who mounted the tires, do not support the alleged claims of Brock, and that Brock did not produce any evidence which would show or tend to show that there is any genuine issue as to a material fact and in the absence of such evidence, defendants are entitled to summary judgment.

Based upon the record, including answers to interrogatories, the depositions mentioned, affidavits of two persons, the trial court awarded defendants summary judgment.

We wish to make it clear once again the burden rests on the defendants, not the plaintiffs, to establish that no genuine issue of material fact exists for trial and defendants are entitled to judgment as a matter of law. If the defendants fail to meet this burden, summary judgment is erroneous. Kelly v. Montoya, 81 N.M. 591, 470 P.2d 563 (Ct.App.1970). Only when the defendants fulfill their burden and make a prima facie showing that no material fact issue exists, does it then become the duty of plaintiffs to show there is a factual issue present. Sanchez v. Shop Rite Foods, 82 N.M. 369, 482 P.2d 72 (Ct. App.1971).

We have carefully read the pleadings, the depositions, answers to interrogatories, and affidavits. We find no evidence that when the tire was manufactured by Armstrong it was a good, sound tire free of defects; that when it was sold by Sears it was carefully inspected for defects or conditions which would cause it to fail, and none were found. The only showing of "no defect" in the tire comes from the two Goodmans. Both testified in their depositions that there was nothing to indicate anything wrong with the tire between the time the tires were mounted and the time of the accident. Mr. Goodman also testified that he had not noticed a cut or scrape on the tires prior to the accident. The foregoing is not a prima facie showing of no defect. Certainly a slight issue of fact remains. Defendants failed to meet their burden of showing an absence of a material factual issue. The trial court erred in granting summary judgment.

Of course, at trial, it will be plaintiff's, not defendants', burden to come forward with evidence and inferences therefrom sufficient to raise a factual issue for submission to the jury. If she fails to do this,

she cannot complain if a verdict is directed against her.

Reversed.

It is so ordered.

WOOD, C. J., concurs.

COWAN, J., dissents.

COWAN, Judge (dissenting).

The plaintiff's cause of action is predicated totally upon the existence of a defect in a tire. The majority state that there is not a "prima facie showing of no defect" and that "certainly a slight issue of fact remains." They point to none and their statement is unsupported by the record. The facts they set out are too sparse for a fair appraisal and therefore must necessarily be supplemented. The Sears employee who installed the tires described the mounting procedure at length. He testified about feeling inside the tires, about putting them on a machine and about balancing them. He stated that they were checked inside and out and testified more than once that, if there was a break in the tire, "it would show". The pickup was driven approximately 300 miles with no tire difficulty prior to the accident. At the time of the occurrence, the driver, Mrs. Goodman, lost control of the vehicle while attempting to light a cigarette. The pickup travelled some 380 feet off the highway, first on one side and then the other. It moved back onto the highway twice and there was no tire failure until it came back onto the road the second time. Both Mr. and Mrs. Goodman testified at deposition that they had no knowledge or evidence of a defect in the tire, and that they had no information tending to support the allegations of a defective tire. The plaintiff produced and filed the affidavit of an expert who had examined the tire shortly after the accident. The affidavit contained the statement " * * * [I]t is affiant's opinion that the tire failed as the vehicle turned onto the highway from the left shoulder of the highway and that the failure proximately caused the accident." Nowhere in the more than two pages of affidavit does the expert opine or even suggest, that the failure was caused by a defect in the tire.

The summary judgment Rule 56 [§ 21-1-1(56), N.M.S.A.1953, Repl.Vol. 40)] is clear and unambiguous. Paragraph (c) states that a judgment:

" * * * shall be rendered forthwith if the *pleadings, depositions, answers to interrogatories, and admissions on file,* together with the *affidavits,* if any, *show that there is no genuine issue as to any material fact* and that the moving party is entitled to a judgment as a matter of law. * * *" [Emphasis added]

Paragraph (e) states:

". . . When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, *must set forth specific facts showing that there is a genuine issue for trial.* If he does not so respond, summary judgment, if appropriate, shall be entered against him." [Emphasis added]

The reasoning behind the rule and the guiding principles are set forth in Surkin v. Charteris, 197 F.2d 77 (5th Cir. 1952), where the court stated:

"The general principles governing the motion for summary judgment are well established. Rule 56 * * * authorizes its use only where the pleadings, depositions, and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Its purpose is not to cut litigants off from their right to trial by jury. On the contrary, it is to carefully test this, *to separate the mere formal from the substantial, to determine what if any issues of fact are*

*present for a jury to try, and to enable the court to expeditiously dispose of cases* by giving judgment on the law where the material facts are not in dispute. [Citations omitted] The sufficiency of the complaint does not control and, although the burden is on the moving party to demonstrate clearly that there is no genuine issue of fact, *the opposing party must sufficiently disclose what the evidence will be* to show that there is a *genuine issue of fact to be tried.* * * *" [Emphasis added]

The record before the trial court and now before us shows there is "no genuine issue as to any material fact". The majority disregard both the substance of the record and the purpose of Rule 56.

In the face of the record on which the motion for summary judgment was based, it was incumbent upon the plaintiff against whom the summary judgment was directed to "set forth specific facts showing that there is a genuine issue for trial." This she did not do. "If the opposite party has sustained his burden to establish the absence of a fact issue, but there is available *additional proof to the contrary, it is the duty of the party moved against to so apprise the court. He cannot stand silent, but must show its presence."* [Emphasis added] Cervantes v. Forbis, 73 N.M. 445, 389 P.2d 210 (1964). The response must set forth *specific facts* showing a genuine issue for trial. Green v. Manpower, Inc., of Albuquerque, 81 N.M. 788, 474 P.2d 80 (Ct.App.1970).

Tacit concession by the majority of the absence of a factual issue appears in the last paragraph of their opinion where they state that, *at the trial,* the plaintiff will have to come forward "with evidence and inferences therefrom sufficient to raise a factual issue * * *". To avoid the summary judgment she should already have done so. Convinced that the trial court did not err in granting the summary judgment, I dissent.