498 P.2d 676

Annie GOODMAN et al., Petitioners,

v.

Nancy S. BROCK, as Administratrix of the Estate of Terry Frank Brock, Deceased, Respondent.

No. 9429.

Supreme Court of New Mexico.

June 16, 1972.

Rodey, Dickason, Sloan, Akin & Robb, Robert M. St. John, Albuquerque, for petitioners.

Keleher & McLeod, Michael L. Keleher, Dennis M. McCary, Albuquerque, for respondent.

## OPINION

OMAN, Justice.

This cause is before us on a writ of certiorari directed to the New Mexico Court of Appeals, which reversed a summary judgment entered by the trial court in favor of defendants, Sears, Roebuck & Company and The Armstrong Rubber Company. Brock v. Goodman, 83 N.M. 580, 494 P.2d 1397 (1972). We reverse the decision of the Court of Appeals.

The essential facts are set forth in the majority and dissenting opinions of the Court of Appeals. Brock v. Goodman, supra. Briefly, they are: (1) four tires manufactured by Armstrong were sold by Sears on August 2, 1969 to Tom Goodman, husband of defendant Annie Goodman, and at that time were mounted on Mr. Goodman's pickup truck; (2) the tires were checked at the time they were sold and mounted on the vehicle, and there was no evidence that they were defective in any particular; (3) these tires were used on the vehicle for about 300 miles between August 2 and August 5, 1969, and there was nothing in their appearance or in their use to indicate a defect in any of them; (4) on August 5, Mrs. Goodman was driving the vehicle and had an eleven-year-old boy as her passenger; (5) she encountered no difficulties with the vehicle or the tires until she endeavored to light a cigarette and lost control of the vehicle by reason thereof; (6) she drove off the right side of the highway for a distance of approximately 325 feet; (7) she then turned the vehicle to the left and proceeded completely across the highway for a distance of about 47 feet; (8) she travelled off the left side of the highway for a distance of approximately 55 feet, and then turned to the right and again entered the highway;

(9) at the time the left front wheel entered onto the highway something caused a failure of the left front tire, which in turn caused a separation of the tire, or at least a portion thereof, from the rim; (10) the vehicle thereupon overturned once and came to rest at a point approximately 55 feet from the place of entry back onto the left side of the highway; (11) the child was killed and this suit ensued; (12) settlement between plaintiff and Mrs. Goodman was effected, and the trial court granted summary judgment in favor of Sears and Armstrong.

The majority in Brock v. Goodman, supra, reversed the summary judgment on the ground that Sears and Armstrong failed in their duty of establishing " * * * a prima facie showing that no material fact issue exists, * * * ", to wit: there was " * * * no evidence that when the tire was manufactured by Armstrong it was a good, sound tire free of defects; that when it was sold by Sears it was carefully inspected for defects or conditions which would cause it to fail and none were found. * * * "

It is true there is no evidence in which it was expressly stated: " * * * that when the tire was manufactured by Armstrong it was a good, sound tire free of defects; * * * " or " * * * that when it was sold by Sears it was carefully inspected for defects or conditions which would cause it to fail. * * * ", but all the evidence is to the effect that the tire was new, without defects, and had caused absolutely no trouble until its failure upon re-entry onto the highway the second time after Mrs. Goodman lost control of the vehicle by reason of her efforts to light a cigarette while driving. Just why the tire failed is not explained, except as such can reasonably be inferred from the stresses which it was undergoing by reason of the loss of control by Mrs. Goodman of the vehicle, the route taken and the area upon which the vehicle travelled, and the fact that the tire failed upon its second re-entry onto the highway while the vehicle was out

of control. The tire has been lost and is not available for further inspection and examination.

Apparently the majority of the Court of Appeals found "a slight issue of fact" from the absence of express evidence " * * * that when the tire was manufactured by Armstrong it was a good, sound tire free of defects; * * *" and " * * * that when it was sold by Sears it was [not] *carefully* inspected for defects or conditions which would cause it to fail. * * *" [Emphasis added]. They concluded from their finding of this slight issue of fact, based solely upon the absence of express evidence in the two particulars as above stated, that "[d]efendants failed to meet their burden of showing an absence of a material factual issue. * * *"

This Court and the Court of Appeals have repeatedly equated a "genuine issue as to any material fact" with a "slight doubt" or the "slightest doubt." See, e. g., Bostian v. Aspen Wood Products Corporation, 81 N.M. 152, 464 P.2d 882 (1970); Martin v. Board of Education of City of Albuquerque, 79 N.M. 636, 447 P.2d 516 (1968); Cortez v. Martinez, 79 N.M. 506, 445 P.2d 383 (1968); Green v. Manpower, Inc., of Albuquerque, 81 N.M. 788, 474 P.2d 80 (Ct.App.1970); Binns v. Schoenbrun, 81 N.M. 489, 468 P.2d 890 (Ct.App. 1970). This equation of terms has resulted in a disregard of the clear language and a departure from the meaning and purpose of Rule 56(c), Rules of Civil Procedure [§ 21–1–1(56) (c), N.M.S.A. 1953 (Repl.Vol. 4, 1970)].

We are in accord with the following language and the reasoning thereof taken from 3 Barron & Holtzoff, Federal Practice and Procedure, with Forms, § 1234 at 124–126 (Rev'd. by Wright 1958):

"Though it has been said that summary judgment should not be granted if there is the 'slightest doubt' as to the facts, such statements are a rather misleading gloss on a rule which speaks in terms of 'genuine issue as to any materi-al fact,' and would, if taken literally, mean that there could hardly ever be a summary judgment, for at least a slight doubt can be developed as to practically all things human. A better formulation would be that the party opposing the motion is to be given the benefit of all reasonable doubts in determining whether a genuine issue exists. If there are such reasonable doubts, summary judgment should be denied. A substantial dispute as to a material fact forecloses summary judgment."

Unquestionably the burden was on defendants to show an absence of a genuine issue of fact, or that they were entitled as a matter of law for some other reason to a summary judgment in their favor. Rule 56(c), supra; Sanchez v. Public Service Co., 83 N.M. 245, 490 P.2d 962 (1971); Montoya v. City of Albuquerque, 82 N.M. 90, 476 P.2d 60 (1970); Cessna Finance Corp. v. Mesilla Valley Flying Service, Inc., 81 N.M. 10, 462 P.2d 144 (1969), cert. denied, 397 U.S. 1076, 90 S. Ct. 1521, 25 L.Ed.2d 811 (1970); Ute Park Summer Homes Ass'n v. Maxwell Land Grant Co., 77 N.M. 730, 427 P.2d 249 (1967). However, once defendants had made a prima facie showing that they were entitled to summary judgment, the burden was on plaintiff to show that there was a genuine factual issue and that defendants were not entitled as a matter of law to summary judgment. Markwell v. General Tire and Rubber Company, 367 F.2d 748 (7th Cir. 1966); Cessna Finance Corp. v. Mesilla Valley Flying Service Inc., supra; Rael v. American Estate Life Ins. Co., 79 N.M. 379, 444 P.2d 290 (1968); Burden v. Colonial Homes, Inc., 79 N.M. 170, 441 P. 2d 210 (1968); Bertelle v. City of Gallup, 81 N.M. 755, 473 P.2d 369 (Ct.App.1970); Rekart v. Safeway Stores, Inc., 81 N.M. 491, 468 P.2d 892, 38 A.L.R.3d 354 (Ct. App.1970). In our opinion, defendants clearly made a prima facie showing that there was no genuine issue of fact as to a claimed defect in the tire. By a prima facie showing is meant such evidence as is sufficient in law to raise a presumption of

fact or establish the fact in question unless rebutted. Webster's Third New International Dictionary Unabridged, 1800 (1961); Black's Law Dictionary, 1353 (4th Ed. 1957); 2 Bouvier's Law Dictionary, 2683 (3d Rev. 1914).

. The burden was on the plaintiff, as the party resisting the motion for summary judgment, to come forward and demonstrate that a genuine issue of fact requiring a trial did exist. This burden is contemplated and required by Rule 56(e), and relief from this burden may be granted, at least temporarily, under Rule 56(f), Rules of Civil Procedure [§ 21–1–1(56) (e) and (f), N.M.S.A.1953 (Repl. Vol. 4, 1970)]. The burden on the movant does not require him to show or demonstrate beyond all possibility that no genuine issue of fact exists. See Chambers v. United States, 357 F.2d 224 (8th Cir. 1966); 6 Fed.Rules Serv.2d, Advisory Committee's Notes to Rule 56 at xlix (1963). To place this burden upon him would be contrary to the express provisions of Rule 56(e), supra, and would make Rule 56 almost, if not entirely, useless.

■ The inferences, which the party opposing the motion for summary judgment is entitled to have drawn from all the matters properly before and considered by the trial court, must be reasonable inferences. Montoya v. City of Albuquerque, supra; Jacobson v. State Farm Mutual Automobile Ins. Co., 81 N.M. 600, 471 P.2d 170 (1970); General Electric Credit Corp. v. Tidenberg, 78 N.M. 59, 428 P.2d 33, 40 A.L.R.3d 1151 (1967); Green v. Manpower, Inc., of Albuquerque, supra. Whether or not a genuine issue of fact exists depends on the peculiar facts of each case. Pen-Ken Gas and Oil Corp. v. Warfield Natural Gas Co., 137 F.2d 871 (6th Cir. 1943), cert. denied, 320 U.S. 800, 64 S.Ct. 431, 88 L.Ed. 483 (1944).

■ The procedures provided by Rule 56, supra, serve a worthwhile purpose in disposing of groundless claims, or claims which cannot be proved, without putting the parties and the courts through the trouble and expense of full blown trials on these claims. See Dyer v. MacDougall, 201 F.2d 265 (2d Cir. 1952); Surkin v. Charteris, 197 F.2d 77 (5th Cir. 1952); Broderick Wood Products Co. v. United States, 195 F.2d 433 (10th Cir. 1952); Arnstein v. Porter, 154 F.2d 464, 480 (2d Cir. 1946); General Electric Credit Corp. v. Tidenberg, supra; Pederson v. Lothman, 63 N.M. 364, 320 P.2d 378 (1958); Agnew v. Libby, 53 N.M. 56, 201 P.2d 775 (1949); Shramek v. General Motors Corp., Chevrolet M. Div., 69 Ill.App.2d 72, 216 N.E.2d 244 (1966); 6 J. Moore, Moore's Federal Practice § 56.04[1] (2d Ed. 1971).

■ As above indicated, we are firmly convinced that the matters relied upon by defendants Sears and Armstrong in support of their motion for summary judgment were sufficient to support their burden. We are also convinced that plaintiff failed to come forward with anything which demonstrated that a genuine issue of fact exists as to whether there was a defect in the tire at the time it was sold by Sears to Mr. Goodman. We need not consider the question of proximate cause, since we are convinced there was no genuine issue presented on plaintiff's claim that the tire was defective.

It follows that the decision of the Court of Appeals must be reversed and the summary judgment entered by the trial court affirmed.

It is so ordered.

COMPTON, C. J., and McMANUS, STEPHENSON, and MONTOYA, JJ., concur.