784 P.2d 1003

**FARMERS INSURANCE COMPANY, Plaintiff–Appellant,**

v.

**Donald BURTON, Defendant–Appellee.**

No. 18279.

Supreme Court of New Mexico.

Jan. 4, 1990.

Civerolo, Hansen & Wolf, William P. Gralow, Albuquerque, for plaintiff-appellant.

Thomas Overstreet, Alamogordo, for defendant-appellee.

OPINION

SOSA, Chief Justice.

We are asked to interpret a homeowner's insurance policy issued by Plaintiff–Appellant, Farmers Insurance Company of Arizona (Farmers), to Defendant–Appellee, Donald L. Burton (Burton). Both parties moved for summary judgment, and Burton was successful. The issue at the hearing on the motions for summary judgment is the same before us on appeal: Did Burton's policy cover an accident to a third party that occurred at a different home owned by Burton than the one listed in the policy?

The policy unquestionably covered Burton's home located at 1301 16th Street ("Premises A") in Alamogordo, but the accident occurred at another home he owned,

located at 509 16th Street ("Premises B"). In his deposition, Burton testified that he had rented Premises B to others "from 1978 through 1986." In his affidavit submitted for the motion, Burton testified:

> No later than April 1, 1986 [he] decided to move from [his present residence] and use [Premises B] as his residence * * * [and that] he began the necessary repairs and maintenance to [Premises B] to occupy that as his personal residence. At all times during the period of April 1, 1986 to May 1, 1986 and thereafter [he] considered [Premises B] no longer rental property, but was to be used as his personal residence.

The accident on Premises B occurred in May, 1986, and Burton actually occupied Premises B in July 1986. When the accident occurred at Premises B, no one was living on the premises.

Farmers contends that the following exclusion in the policy mandates reversal of the summary judgment. The exclusion provides the policy does not cover bodily injury "Arising out of a premises owned by or rented to an **insured** which is not at an **insured location**." (Emphasis in original.)

As for "insured location," the policy reads:

> **Insured location** means:
>
> a. the residence premises.
>
> b. any other premises acquired by you during the policy period for your use as a residence.

(Emphasis in original.)

Burton argues that the language of the policy contemplates the possibility of an insured's change in residence, and argues further that Burton in effect did change his residence from Premises A to Premises B before the accident. Burton also contends that the words, "any other premises *acquired* by you during the policy period for your use as a residence" does not mean that Burton had to *purchase* a new residence. Instead, Burton argues that his moving from Premises A to Premises B meets the requirement of "acquiring" an-

other residence within the definition of the policy.

We agree with Burton's position that it was not necessary for him actually to have moved into the premises in order to hold it for use as his residence. Since he admittedly did not move into the property until July (after the accident), there may have been a fact issue before the trial court as to whether or not he converted this property to personal-residence use between the date the last tenant moved out (February) and the date the accident occurred (May). We have quoted from Burton's affidavit that he decided to use Premises B as his residence not later than April 1. In addition, although he had listed the property for rent at the Air Force base housing office when the previous tenant moved out in February, he testified in his deposition that he had removed it from the base housing list on April 1. These statements, under oath, were sufficient to meet Burton's burden on summary judgment to establish the absence of a genuine issue of fact as to when he began using Premises B as his residence. At that point the burden shifted to Farmers to come forward with some evidence to raise a genuine issue as to this fact. *See Goodman v. Brock*, 83 N.M. 789, 792, 498 P.2d 676, 679 (1972).

Our review of the record discloses no evidentiary facts adduced by Farmers sufficient to create any issue that Burton did not, as he testified, take steps as of April 1, 1986 looking toward his occupancy of Premises B. Therefore, we conclude that summary judgment properly was entered in his favor.

IT IS SO ORDERED.

RANSOM, BACA and MONTGOMERY, JJ., concur.

WILSON, J. (not participating).