This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**THERESA DUNWORTH,**

    Plaintiff-Appellant,

v.                                         **NO. 29,080**

**JEFF JESIONOWSKI,**

    Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Nan G. Nash, District Judge**

Michael D. Armstrong
Albuquerque, NM

for Appellant

Robert M. White, City Attorney
Peter H. Pierotti, Assistant City Attorney
Albuquerque, NM

for Appellee

## MEMORANDUM OPINION

**VIGIL, Judge.**

    Plaintiff appeals from summary judgment awarded on the basis that the facts

do not support Plaintiff's claim of tortious interference with contractual relations. We affirm.

**FACTS**

Plaintiff wanted to voice her opposition to a proposed zoning change in her neighborhood which was being considered by the Albuquerque Environmental Planning Commission (EPC). A public hearing was scheduled to address the public's concerns, but Plaintiff was unable to attend the meeting because of a medical appointment. Plaintiff therefore decided to voice her opposition to the proposed change in a letter which she drafted at her residence.

The following day Plaintiff copied and pasted the letter she had drafted into her e-mail at work and e-mailed the letter to David Stallworth, a member of the City of Albuquerque's Planning Department, to be submitted into the public record. This e-mail concluded, "Sincerely, Theresa M. Dunworth, Assistant Controller, NMMFA," and it included her office phone number.

Defendant is a member of the EPC and received a copy of the public letter before the public hearing. During the public meeting Defendant criticized Plaintiff for writing her personal concerns during business hours on New Mexico Mortgage Finance Authority (NMMFA) equipment. He said:

> I would support the motion for approval. And, I would also like to make one other point, ok. And this is a classic lesson of something you should

never do, ok. And there's a letter in here from Theresa Dunworth, the assistant controller of the [NMMFA], who took the time out of her busy day during her job to write a page and a half letter in opposition of this, e-mailed from the [NMMFA]. And I personally take great objection to her having done this. Now I just think the record needs to reflect that.

Plaintiff's father was at the public meeting and after hearing Defendant's statements concerning his daughter, he confronted Defendant. Defendant told Plaintiff's father he was going to contact Plaintiff's employer concerning the matter.

The following day Defendant requested a copy of the e-mail from Mr. Stallworth. Defendant then contacted NMMFA, and obtained the name and e-mail address of NMMFA's director. Defendant sent a letter to the NMMFA director complaining about Plaintiff's activities. In the letter, Defendant said:

I am a member of the [EPC]. Yesterday, we heard a case involving a zone change request for a property on Carson Road located in the Old Town area of Albuquerque. Included in the package was this correspondence sent from the Office [of] the [NMMFA], signed by the Assistant Controller, Therese Dunworth. It is upsetting to me that someone in that level of a position would send[—]actually take the time to draft this type of personal correspondence from their office, sign it with their official title and send it from their office email system. This type of activity needs to [be] brought to the attention of the proper level of authority and stopped immediately. It is unprofessional, offensive and inappropriate. I would appreciate if you would handle the matter accordingly.

Plaintiff's employment at NMMFA was subsequently terminated.

**Procedural History**

Plaintiff filed a complaint against Defendant alleging tortious interference with

3

contractual relations and defamation. A stipulated order of dismissal of Plaintiff's claim for defamation was filed and the defamation claim was dismissed with prejudice. Defendant filed a motion for summary judgment on the remaining claim of tortious interference with contractual relations. Summary judgment was granted and the case was dismissed with prejudice. Plaintiff appeals.

**SUMMARY JUDGMENT AND STANDARD OF REVIEW**

Under Rule 1-056(C) NMRA, a party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *See Blauwkamp v. Univ. of N.M. Hosp.*, 114 N.M. 228, 232, 836 P.2d 1249, 1253 (Ct. App. 1992) (internal quotation marks omitted). In *Romero v. Philip Morris, Inc.*, 2010-NMSC-___, ¶ 10, ___ N.M. ___, ___ P.3d ___ (No. 31,433, June 25, 2010), our Supreme Court recently said:

> In New Mexico, summary judgment may be proper when the moving party has met its initial burden of establishing a prima facie case for summary judgment. *See Roth v. Thompson*, 113 N.M. 331, 334-35, 825 P.2d 1241, 1244-45 (1992). By a prima facie showing is meant such evidence as is sufficient in law to raise a presumption of fact or establish the fact in question unless rebutted. *Goodman v. Brock*, 83 N.M. 789, 792-93, 498 P.2d 676, 679-80 (1972) (citations omitted). Once this prima facie showing has been made, the burden shifts to the non-movant to demonstrate the existence of specific evidentiary facts which would require trial on the merits. *Roth*, 113 N.M. at 335, 825 P.2d at 1245.

4

(internal quotation marks omitted).

We review an order granting summary judgment de novo. *Self v. United Parcel Serv. Inc.*, 1998-NMSC-046, ¶ 6, 126 N.M. 396, 970 P.2d 582.

**INTERFERENCE WITH CONTRACTUAL RELATIONS**

To prove intentional interference with a contract, a plaintiff must establish that the defendant, "'without justification or privilege to do so, induces a third person not to perform a contract with another.'" *Deflon v. Sawyers*, 2006-NMSC-025, ¶ 16, 139 N.M. 637, 137 P.3d 577 (quoting *Wolf v. Perry*, 65 N.M. 457, 461, 339 P.2d 679, 681 (1959)). This consists of proof of five elements: (1) the defendant had knowledge of the contract, (2) the plaintiff was unable to fulfill her contract obligations, (3) the defendant played an active and substantial part in causing the plaintiff to lose the benefits of the contract, (4) the plaintiff suffered damages resulting from the breach, and (5) the defendant induced the breach without justification or privilege to do so. *Ettenson v. Burke*, 2001-NMCA-003, ¶ 14, 130 N.M. 67, 17 P.3d 440. Additionally, there must be evidence that the defendant acted with either an improper motive or improper means, and the improper motive or improper means were used in persuading the employer to breach the contract. *Fikes v. Furst*, 2003-NMSC-033, ¶¶ 20, 22, 134 N.M. 602, 81 P.3d 545. If the defendant interfered in some way with the plaintiff's contract, "[t]he inquiry, in the end, should be to determine the [defendant's] primary

motivation for the interference. If it was primarily improper, then the [defendant] has no privilege. If it was primarily proper, then liability should not attach." *Id.* ¶ 23.

The summary judgment record establishes that Defendant had knowledge that Plaintiff was employed under a contract by NMMFA; that NMMFA terminated Plaintiff's employment; and that Plaintiff was damaged by the termination of her employment. We therefore focus on whether the summary judgment record reveals a genuine issue of material fact as to whether (1) Defendant played an active and substantial part in causing NMMFA to terminate Plaintiff's employment, and (2) Defendant's primary motivation for the inference was improper.

First, to play a "substantial and active part" means voluntary conduct which influences the promisor to breach his contract. *Wolf*, 65 N.M. at 461, 339 P.2d at 682. Plaintiff argues that the email sent by Defendant to her employer was sufficient evidence of a "substantial and active part" in causing her to lose benefits of her contract with NMMFA. However, the record fails to demonstrate why Plaintiff was terminated from NMMFA.

NMMFA's termination letter to Plaintiff states:

The [NM]MFA has considered your response regarding the e-mail that was forwarded to the [NM]MFA on January 21, 2005 and your employment is being terminated *for the reasons communicated to you on January 25, 2005*.

(Emphasis added.) The reasons that were communicated to Plaintiff on January 25, 2005, are not stated in the letter nor is there any other evidence in the record of what the reasons were that were communicated to Plaintiff. We note that Interrogatory No. 11 asked Plaintiff to describe fully and completely the circumstances of her termination from NMMFA. However, we were not provided with Plaintiff's answer to the interrogatory. The specific reason or reasons why Plaintiff was terminated from NMMFA are not disclosed by the record. We therefore cannot conclude the summary judgment record creates an issue of fact that supports a finding that Defendant was a "substantial and active part" in causing NMMFA to terminate its contract with Plaintiff.

Defendant's complaint merely brought Plaintiff's actions to the attention of her employer. Defendant believed that Plaintiff should not have been conducting personal business during working hours. Defendant also objected to Plaintiff ending her letter with her title within NMMFA and her work phone number. That is the only action that Defendant took. There is no evidence that Defendant demanded that Plaintiff be terminated. He merely suggested that the behavior and actions of Plaintiff be handled accordingly. It was NMMFA's choice to reprimand Plaintiff as it pleased. There is no evidence presented by Plaintiff that Defendant influenced NMMFA to take any action which resulted in the breach of the employment contract.

Turning to the second question, the public hearing was held for members of the public to voice their opinion about the proposed zoning change. Plaintiff submitted her letter into the public record. There was nothing intrinsically improper about Defendant's communicating about a document that was part of the public record. Defendant asserted he saw an action by Plaintiff that he felt was inappropriate for someone in a public position and brought it to the attention of her supervisor. Defendant objected to the fact that a personal letter appeared to be prepared under an official agency capacity and prepared for transmission from the public agency during agency hours. In response Plaintiff simply presented no evidence that Defendant had an improper motive or used an improper means. Plaintiff cannot simply stand on the fact that Defendant wrote his letter to create a question of fact about his motives.

**CONCLUSION**

The order of the district court is affirmed.

**IT IS SO ORDERED.**

_____

**MICHAEL E. VIGIL, Judge**

8

**WE CONCUR:**

_____
**CYNTHIA A. FRY, Chief Judge**

_____
**MICHAEL D. BUSTAMANTE, Judge**