# IN THE SUPREME COURT OF THE STATE OF NEW MEXICO

Opinion Number: 2022-NMSC-002

Filing Date: October 18, 2021

No. S-1-SC-38328

LINDA CONTRERAS RIDLINGTON
as Conservator of the Estate of
Alvino Contreras,

       Plaintiff-Petitioner,

v.

BOBBY CONTRERAS,

       Defendant-Respondent.

**ORIGINAL PROCEEDING ON CERTIORARI**
**Mercedes C. Murphy, District Judge**

Released for Publication January 18, 2022.

Law Office of Richmond L. Neely
Richmond L. Neely
Albuquerque, NM

for Petitioner

Rose L. Brand & Associates, P.C.
Eraina Marie Edwards
Albuquerque, NM

for Respondent

## OPINION

**THOMSON, Justice.**

**{1}** In 2015, Alvino Contreras (Father) signed twenty-six quitclaim deeds conveying nearly 1900 acres of property to Bobby Contreras (Son). A year later, Linda Contreras Ridlington (Daughter) filed suit to void the deeds, alleging in part that they were obtained through undue influence. Son filed a motion for summary judgment, relying on the presumption that a duly executed conveyance is valid and arguing that Daughter's claim of undue influence therefore required dismissal. We must now determine whether

a party seeking to defeat an undue influence claim establishes a prima facie showing of entitlement to summary judgment as a matter of law by arguing that the contested deeds are presumptively valid.

**{2}** The district court found for Son on his motion for summary judgment. It concluded that Son met his prima facie showing of entitlement to summary judgment on Daughter's undue influence claim in part because "[he] met his burden of proving the execution of the deeds is valid." The district court also determined that by the simple act of producing deeds that met all statutory requirements, the burden to present evidence contradicting the deeds' presumed validity shifted to Daughter, and that Daughter failed to meet that burden. The Court of Appeals affirmed the district court in a split decision, reasoning that statutorily proper deeds are presumptively valid and that the evidentiary burden had therefore shifted to Daughter to rebut the presumption of validity. *Ridlington v. Contreras*, A-1-CA-37029, mem. op. ¶ 14 (N.M. Ct. App. Apr. 23, 2020) (non-precedential).

**{3}** The Court of Appeals dissent reasoned that the presumption of the deeds' validity did not negate Daughter's claims of undue influence and that there were sufficient "issues of material fact" in the record to defeat summary judgment and proceed to trial. *Id.* ¶¶ 26-27 (Duffy, J., dissenting). We agree with the dissent's analysis and conclude that the presumption of the deeds' validity on its own did not negate Daughter's claims of undue influence. We accordingly reverse the Court of Appeals opinion and remand the case to the district court for a trial on the merits. As such, we need not decide whether the district court abused its discretion in denying Daughter's motion for reconsideration.

## I.  BACKGROUND

**{4}** In November 2016, a year after Father executed twenty-six quitclaim deeds conveying title to the properties in Son, Daughter filed a short complaint to quiet title to the properties in Father. The complaint alleges that the deeds are void because Father's signatures were obtained through duress and coercion,[1] the commission of the notary public who witnessed the signatures had expired prior to the signing, and Father lacked the mental capacity at the time of signing for the deeds to be valid. Attached to the complaint to quiet title was a durable power of attorney (POA) executed by Father to Daughter in 1997. The POA was not recorded until 2016. Also attached were descriptions of the quitclaim deeds. Shortly after the complaint was filed, the district court declared Father legally incapacitated and appointed Daughter as his guardian and as conservator for his estate. Upon motion of Daughter, in her capacity as conservator, the district court substituted Daughter as sole plaintiff in this case.

**{5}** Son appeared *pro se* and filed a short answer to the complaint, denying the allegations and stating that the real estate was "given to [Son] without any coercion or

---

[1] Daughter's allegations of duress and coercion are best understood as a claim of undue influence and will be referenced as such throughout the opinion. *See Ridlington*, A-1-CA-37029, mem. op. ¶ 20 (Duffy, J., dissenting) ("As the majority acknowledges, [Daughter's] 'duress or coercion' claim is best understood as an undue influence claim.").

duress as claimed. [Father] requested that [Son] prepare documents in order to transfer ownership." Son then filed another answer after retaining counsel. In it, he raised several affirmative defenses. Son also asserted that Father "was competent and capable of entering into the transactions at the time the transactions occurred"; denied that the properties were obtained through undue influence; and stated that "[Son] and . . . [F]ather have all their lives had a close and open relationship, and lived next door to one another until [Daughter] . . . removed . . . [F]ather from his home a few months ago due to failing health."

{6}     In advance of trial, Son filed a motion for summary judgment. Of the six "undisputed facts" provided in support of the motion, only one bears on the outcome of this case. It reads, "The properties were transferred in writing, with the property sufficiently described, consideration noted, signed by the grantor, and witnessed by a neutral third party."[2] This "undisputed fact" forms the basis of Son's main argument on appeal that, "[a]s a matter of law, [Daughter's] complaint fails due to the statutory requirements of conveyance of title having been met by [Father] in properly conveying land to . . . [S]on." After procedural delays, Daughter filed a response that largely addressed challenges to her standing and did not attach any evidence to counter Son's proffered legal presumptions.

{7}     The hearing on Son's motion focused on the parties' respective evidentiary burdens in advancing and defending the factual and legal arguments raised. Son maintained that Daughter had a duty to rebut the motion for summary judgment by attaching evidence to the response, arguing that "all [Daughter has] done is restate the complaint." Daughter responded that asserting a presumption of the deeds' validity alone is not sufficient to prevail on summary judgment. On rebuttal, Son returned to his contention that the deeds all facially complied with the statutory requirements for a valid conveyance and that without contrary evidence, the motion for summary judgment must be granted.[3]

{8}     The district court judge granted Son's motion for summary judgment, stating, "As reluctant as I am to grant a motion for summary judgment . . . in this particular case, I don't see that [Daughter] has met [the] burden to overcome the motion for summary judgment." Before the court's issuance of a written order, Daughter filed a motion for reconsideration asserting that "there is a question of fact whether the deeds were in fact validly executed" due to "suspicious circumstances." These included the facts that "[t]he deeds were discussed and prepared in secret," Son "drafted and recorded them," and Son is "a licensed realtor." Daughter attached five exhibits in support of her motion.[4]

---

[2] In addition to alleging these "undisputed facts," the motion also challenged Daughter's standing to bring the suit, which is not at issue here.

[3] We note that Son failed to attach copies of the writings purporting to transfer the properties to his motion for summary judgment, precluding the district court and this Court from evaluating Son's "undisputed fact."

[4] These exhibits are (1) Daughter's POA, (2) the affidavit of Dr. Samuel Roll, Ph.D., stating that Father's "evaluations revealed that he has a host of intellectual and emotional difficulties that were chronic and permanent and would severely truncate his contractual capacity," (3) a sample quitclaim deed indicating that the property was conveyed from Father to Son "for love and affection," (4) the deposition of Son revealing that he has a real estate license and that Father signed the deeds in the presence of only Son

The district court judge entered a formal order granting the motion for summary judgment in favor of Son and denied Daughter's motion for reconsideration and Daughter appealed.

**{9}**  The Court of Appeals considered seven issues, but "[i]n light of the volume and overlapping nature of [Daughter]'s arguments," chose to "address them collectively in the context of the two district court orders appealed," the order granting summary judgment and the order denying the motion for reconsideration. *Ridlington*, A-1-CA-37029, mem. op. ¶¶ 3-4. With regard to the order granting summary judgment, the Court of Appeals concluded that Son met "the initial burden of establishing a prima facie case for summary judgment," *id.* ¶ 10 (internal quotation marks and citation omitted), because his motion relied on the presumption that "statutorily proper" deeds are valid. *Id.* ¶ 14.

**{10}**  The Court of Appeals further concluded that the burden to present evidence to rebut these presumptions shifted to Daughter and that she failed to meet her burden. *See id.* The Court reasoned that "mere allegations of coercion or duress" in Daughter's complaint were "insufficient to overcome presumptions of law made applicable by the nature of the evidence in this case." *Id.* ¶ 14. Because Daughter did not present evidence to rebut these presumptions, the Court of Appeals concluded that "the district court did not err in finding that [Son] met his burden of proving that the execution of the deeds was proper by relying on the presumptive validity of the conveyances." *Id.* ¶ 15. This Court granted certiorari to address whether Son on summary judgment satisfied his prima facie showing on Daughter's undue influence claim by asserting the presumption that a duly executed conveyance is valid.

## II.  DISCUSSION

### A.  Standard of review

**{11}**  We review a district court's granting or denying of summary judgment de novo. *Cahn v. Berryman*, 2018-NMSC-002, ¶ 12, 408 P.3d 1012; *see* Rule 1-056 NMRA. Rule 1-056(C) provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories[,] and admissions on file, together with the affidavits, . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." "Where reasonable minds will not differ as to an issue of material fact, a court may properly grant summary judgment." *City of Albuquerque v. SMP Props., LLC*, 2021-NMSC-011, ¶ 14, 483 P.3d 566 (internal quotation marks, citation, and alteration omitted).

**{12}**  Ultimately, a nonmoving party does not need to "establish all elements of the claim" in order to prevail on summary judgment. *Bartlett v. Mirabal*, 2000-NMCA-036, ¶¶

---

and the notary public, who was a friend of Son, and (5) a Verification of Notary notice, indicating that the notary public's notary authority expired on November 11, 2012, three years before the deeds at issue were executed.

3, 17, 39, 128 N.M. 830, 999 P.2d 1062[5] (holding that the United States Supreme Court decision in *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986), had not been adopted by New Mexico courts and declining to adopt *Anderson*'s higher evidentiary burden of proof). All that is required is that the nonmoving party presents evidence "sufficient to give rise to several issues of fact." *Bartlett*, 2000-NMCA-036, ¶ 17 (internal quotation marks and citation omitted). "Summary judgment should not be granted when material issues of fact remain or when the facts are insufficiently developed for determination of the central issues involved." *Id.* (internal quotation marks and citation omitted).

**{13}** Despite our divergence from the federal standard, summary judgment remains "a drastic remedial tool which demands the exercise of caution in its application." *Blauwkamp v. Univ. of N.M. Hosp.*, 1992-NMCA-048, ¶ 10, 114 N.M. 228, 836 P.2d 1249. Generally, "New Mexico courts . . . view summary judgment with disfavor, preferring a trial on the merits." *Romero v. Philip Morris Inc.*, 2010-NMSC-035, ¶ 8, 148 N.M. 713, 242 P.3d 280; *see also Freeman v. Fairchild*, 2018-NMSC-023, ¶ 25, 416 P.3d 26 (noting that New Mexico courts have recognized a "strong preference for resolving cases on their merits"). Therefore, in reviewing a district court's summary judgment decision, we conduct a whole-record review of "the facts in the light most favorable to the party opposing summary judgment" and "draw all reasonable inferences in support of a trial on the merits." *SMP Props., LLC*, 2021-NMSC-011, ¶ 14 (quoting *Freeman*, 2018-NMSC-023, ¶ 14) (internal quotation marks omitted); *see also Zamora v. St. Vincent Hosp.*, 2014-NMSC-035, ¶ 9, 335 P.3d 1243.

**B.    The legal presumption of the deeds' validity does not establish Son's prima facie showing in summary judgment on Daughter's undue influence claims**

**{14}** The district court found that Son met his initial burden on summary judgment in part due to his reliance on the presumption of the deeds' validity. This Court previously summarized the respective summary judgment burdens on each party as follows:

> [T]he burden was on defendants to show an absence of a genuine issue of fact, or that they were entitled as a matter of law for some other reason to a summary judgment in their favor. However, once defendants had made a prima facie showing that they were entitled to summary judgment, the burden was on plaintiff to show that there was a genuine factual issue and that defendants were not entitled as a matter of law to summary judgment.

*Goodman v. Brock*, 1972-NMSC-043, ¶ 8, 83 N.M. 789, 498 P.2d 676 (citations omitted). In other words, the moving party has the burden to "make a prima facie

---

[5]The New Mexico summary judgment standard diverges from the federal standard following the United States Supreme Court's *Celotex* trilogy. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); s*ee also* Christopher David Lee, *Summary Judgment in New Mexico Following Bartlett v. Mirabal*, 33 N.M. L. Rev. 503, 503 (2003) ("The *Bartlett* Court ultimately concluded that policy considerations favored retaining New Mexico's 'traditional' approach to summary judgment over adopting the standard articulated for the federal courts in the *Celotex* trilogy.").

showing that there is no genuine issue of fact as to one or more of the requisite elements in non-movant's claim." *Bartlett*, 2000-NMCA-036, ¶ 17 (internal quotation marks, citation, and brackets omitted); *see also Celotex Corp.*, 477 U.S. at 330 (Brennan, J., dissenting) ("The burden of establishing the nonexistence of a 'genuine issue' is on the party moving for summary judgment."). If this prima facie showing is made, "it is then the burden of the nonmoving party to present a concise statement of all of the material facts as to which the moving party contends no genuine issue exists." *Bartlett*, 2000-NMCA-036, ¶ 17 (internal quotation marks and citation omitted); *see* Rule 1-056(D)(2). Thus, we must determine whether the proffered legal presumption was sufficient to defeat Daughter's claims of undue influence and satisfy Son's prima facie showing that he was entitled to summary judgment as a matter of law.

**{15}** Daughter argues that Son's initial burden could not be satisfied by the presumption of the deeds' validity because this presumption fails to address any essential elements of Daughter's claim of undue influence. "The underlying theory of the doctrine [of undue influence] is that the donor is induced by various means to execute an instrument that, in reality, is the will of another substituted for that of the donor." *Montoya v. Torres*, 1991-NMCA-152, ¶ 16, 113 N.M. 105, 823 P.2d 905. At trial, proof of undue influence must be established by clear and convincing evidence. *Id.* ¶ 17. As we have noted, "[g]enerally, because of the difficulty in obtaining direct proof in cases where undue influence is alleged, proof sufficient to raise the presumption is inferred from the circumstances." *Id.* ¶ 18.

**{16}** We have previously held that "[t]he presumption [of undue influence] arises if a confidential or fiduciary relation with a donor is shown together with suspicious circumstances." *Chapman v. Varela*, 2009-NMSC-041, ¶ 7, 146 N.M. 680, 213 P.3d 1109 (quoting *Montoya*, 1991-NMCA-152, ¶ 19). "A confidential or fiduciary relation exists whenever trust and confidence is reposed by one person in the integrity and fidelity of another." *Montoya*, 1991-NMCA-152, ¶ 19. Such circumstances include, but are not limited to:

> (1) old age and weakened physical or mental condition of testator; (2) lack of consideration for the bequest; (3) unnatural or unjust disposition of the property; (4) participation of beneficiary in procuring the gift; (5) domination or control over the donor by a beneficiary; and (6) secrecy, concealment, or failure to disclose the gift by a beneficiary.

*Id.* However, "the presence of any of these circumstances is not in itself dispositive." *Chapman*, 2009-NMSC-041, ¶ 7 (internal quotation marks and citation omitted).

**{17}** "[O]nce a presumption of undue influence is raised, the contestant's burden of going forward with the evidence is satisfied and he or she is not susceptible to a motion for judgment as a matter of law." *Id.* ¶ 11. As *Chapman* explains, *see id.* ¶¶ 10-12, this turns in large part on an understanding of Rule 11-301 NMRA governing presumptions in civil cases, which states that "unless a state statute or these rules provide otherwise, the party against whom a presumption is directed has the burden of producing evidence to rebut the presumption. But this rule does not shift the burden of persuasion, which

remains on the party who had it originally." We made clear that Rule 11-301 "eliminated the 'bursting bubble' theory of presumptions, and a presumption now retains evidentiary effect throughout the trial, so as to permit the fact finder to draw an inference of the presumed fact from proof of the basic or predicate fact." *Chapman*, 2009-NMSC-041, ¶ 12 (quoting *Roberts Oil Co., Inc. v. Transamerica Ins. Co.,* 1992-NMSC-032, ¶ 44, 113 N.M. 745, 833 P.2d 222).

**{18}** "Evidence sufficient to rebut the presumption must *at least* balance the prima facie showing of undue influence. If sufficient evidence is not presented to rebut the presumption, the fact finder may find the presumption of undue influence established." *Montoya*, 1991-NMCA-152, ¶ 21 (emphasis added) (citation omitted). Son's testimony regarding how the transaction took place may be sufficient to rebut the presumption of undue influence. However, we conclude that the simple introduction of a deed——with its own established presumption of validity——is not a magic needle that bursts the bubble of presumption that Daughter has rightly established. It certainly does not remove from this dispute the factual allegations upon which the undue influence claim is grounded. This is true at trial and thus is certainly true at summary judgment. *See* Rule 1-056(D).

**{19}** Here, there were sufficient circumstances in the record, even before the evidence attached to Daughter's motion for reconsideration, demonstrating "a confidential or fiduciary relation" and "suspicious circumstances" surrounding the deed conveyances. *Montoya*, 1991-NMCA-152, ¶ 19; *see Chapman*, 2009-NMSC-041, ¶ 7. In addition to Daughter raising allegations of duress and coercion in her complaint, Son admitted that he prepared the deeds himself, that the conveyances were "given" to him without consideration, and that he and Father "have all their lives had a close and open relationship, and lived next door to one another." The district court also had record of the fact that Father was declared legally incapacitated approximately one year after conveyance of the deeds. All of these facts directly implicate the elements of undue influence. *See Montoya*, 1991-NMCA-152, ¶ 19; *Chapman*, 2009-NMSC-041, ¶ 7. Therefore, to prevail on summary judgment, Son had the burden of addressing the allegations of undue influence.

**{20}** New Mexico courts have recognized that, in order to meet the initial burden on summary judgment, the movant (Son) has the burden of "negating at least one of the essential elements upon which the plaintiff's [Daughter's] claims are grounded." *Blauwkamp*, 1992-NMCA-048, ¶ 14 (describing the initial summary judgment burden in the context of medical malpractice); *see also Romero*, 2010-NMSC-035, ¶ 12 ("[S]ubstantive law is the filter through which we apply summary judgment."). Son alleges, and the district court and Court of Appeals agreed, that he met the movant's summary judgment burden by asserting presumptions of the deeds' validity. However, the presumption of the facial validity of the deeds within Son's motion for summary judgment does not negate or even address any of the elements of undue influence. *See Ridlington*, A-1-CA-37029, mem. op. ¶ 23 (Duffy, J., dissenting) ("[N]either [Son] nor the majority explain[s] how the presumptions attached to a facially valid deed apply within the contours of an undue influence claim. Because the presumptions do not address or

negate the elements of undue influence, they are insufficient to establish [Son's] prima facie showing.").

**{21}** We have previously recognized that undue influence may nullify an otherwise statutorily proper deed conveyance. *See Trigg v. Trigg*, 1933-NMSC-040, ¶ 37, 37 N.M. 296, 22 P.2d 119 ("Upon any reasonable theory . . . upon which relief will be granted in equity, whether the conveyance was the result of undue influence, fraud, or deceit, equity will step in and grant relief."). Thus, in light of New Mexico's strong presumption in favor of trial on the merits, we hold that the district court erred in finding that Son met his initial prima facie burden to negate Daughter's claims of undue influence. The Court of Appeals therefore erred in concluding that "[m]ere allegations of coercion or duress are insufficient to overcome presumptions of law made applicable by the nature of the evidence in this case." *Ridlington*, A-1-CA-37029, mem. op. ¶ 14.

## III.    CONCLUSION

**{22}** Based on the foregoing, we reverse the Court of Appeals and remand the case to the district court for a trial on the merits.

**{23}    IT IS SO ORDERED.**

**DAVID K. THOMSON, Justice**

**WE CONCUR:**

**MICHAEL E. VIGIL, Chief Justice**

**JULIE J. VARGAS, Justice**